**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4669

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW SCOTT SAGER,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00084-GMG-RWT-7)

Submitted:  November 25, 2025                     Decided:  December 1, 2025

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Dallas F. Kratzer, III, Columbus, Ohio, Christopher G. Robinson, STEPTOE & JOHNSON PLLC, Charleston, West Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Scott Sager pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced him to 70 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Sager's sentence is reasonable and whether trial counsel rendered ineffective assistance. Although notified of his right to do so, Sager has not filed a pro se supplemental brief. The Government moves to dismiss Sager's appeal as barred by the appeal waiver in his plea agreement. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable," and we "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (citation modified). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (citation modified).

Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Sager knowingly and voluntarily pleaded guilty. In addition,

2

Sager knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions. We therefore conclude that the waiver is valid and enforceable. Furthermore, the sentencing challenge raised in the *Anders* brief falls squarely within the waiver's scope.

Sager's claim that his counsel rendered ineffective assistance is excepted from the waiver. However, because the record before us does not conclusively establish that Sager's counsel rendered ineffective assistance, Sager's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (citation modified).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Sager's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We affirm the district court's judgment as to any issue not encompassed by the waiver.

This court requires that counsel inform Sager, in writing, of the right to petition the Supreme Court of the United States for further review. If Sager requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sager. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3